IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL W. ROGERS,

    Plaintiff,

vs.    Case No. 19-3145-SAC

SAM CLINE, et al.,

    Defendants.

### **O R D E R**

Plaintiff has filed a pro se complaint pursuant to 42 U.S.C. § 1983. He is a state prisoner at the El Dorado Correctional Facility (EDCF). This case is before the court to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

## I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II. <u>Screening standards</u>

Title 28 United State Code Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Id.</u> The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. <u>United States v. Smith</u>, 561 F.3d 1090, 1098 (10th Cir. 2009).

The court, however, will not accept broad allegations which lack sufficient detail to give fair notice of what plaintiff's claims are. Section 1983 plaintiffs must "make clear exactly who is alleged to have done what to whom, to provide each individual

2

with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1250 (10th Cir. 2008).

III. The complaint

Plaintiff alleges that on or about June 25, 2019, defendant Sam Cline, the warden of EDCF, closed the protective custody managed movement unit, where plaintiff was housed, and forced plaintiff to be released into general population without signing a protective custody waiver. Plaintiff asserts that defendant Richard English, a unit team supervisor at EDCF followed orders and forced plaintiff out of protective custody and into general population without signing the required waiver. He further claims that defendant "EAI Sissell" at EDCF did not speak to plaintiff regarding the option of signing a waiver of protective custody or hold a meeting to determine whether there was a danger in placing plaintiff in general population.[1]

Plaintiff asserts that he was assaulted by a white supremacist group in July 2017 at EDCF. He further claims that he was "approached" by members of the same group in February 2018 and ultimately placed in protective custody. He alleges that on July 19, 2019, after he was removed from protective custody without his

---

[1] The court assumes that EAI stands for Enforcement, Apprehension and Investigation. EAI appears to be a department within EDCF.

3

consent, he was stabbed nine times by members of the same hate group.

Plaintiff claims a denial of his procedural due process rights under the Fifth and Fourteenth Amendments (Counts 1-3 and 7-9) and the denial of his Eighth Amendment rights (Counts 4-6). He seeks compensatory and punitive damages.

IV. Procedural due process

"To be entitled to procedural due process, [a plaintiff] must prove [he] has either a protected property or liberty interest." Martin Marietta Materials, Inc. v. Kansas Dept. of Transp., 810 F.3d 1161, 1171 (10th Cir. 2016). Here, it appears plaintiff is alleging a liberty interest in remaining in protective custody unless he signs a waiver. As a prison inmate, plaintiff has a liberty interest against the imposition of an "atypical and significant hardship" without procedural due process. Sandin v. Conner, 515 U.S. 472, 484 (1995). A violation of Kansas prison regulations, however, does not equate with a denial of due process rights under the Constitution. As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates…." Sandin v. Conner, 515 U.S. 472, 481-82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

4

Brown v. Wyoming Dept. of Corrections, 234 Fed.Appx. 874, 878 (10th Cir. 2007).

Courts have found that removal from protective custody does not create an atypical and significant hardship activating a procedural due process right. See Howard v. Collins, 1997 WL 710314 *1 (8th Cir. 11/17/1997); Gebo v. Thyng, 2011 WL 4452787 *5 (D.N.H. 8/2/2011); Mendez v. Kemp, 2008 WL 4937590 *3 (D.Del. 11/18/2008) The court does not deny that plaintiff has a liberty interest against the imposition of cruel and unusual punishment as defined by cases interpreting the Eighth Amendment. But, such a claim must be evaluated under the deliberate indifference standards of the Eighth Amendment.

Therefore, the court is inclined to dismiss plaintiff's procedural due process claims.

V. Martinez report

The court finds that a complete and proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials at EDCF. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). Accordingly, the court orders the appropriate officials at EDCF to prepare and file a **Martinez report**. Once the report is received, the Court can properly screen plaintiff's claims.

VI. Conclusion

The court hereby orders:

(1) The Clerk of Court shall serve Defendants Cline, English and Sissel under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have sixty (60) days to prepare the **Martinez report**. Upon the filing of that report, the Defendants shall have an additional sixty (60) days to answer or otherwise respond to the Complaint.

(3) Officials responsible for the operation of EDCF are directed to undertake a review of the subject matter of the Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of EDCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No answer or motion addressed to the Complaint shall be filed until the **Martinez report** required herein has been prepared.

(7) Plaintiff shall have thirty (30) days to respond to the **Martinez report**.

(8) Discovery by the parties shall not commence until further direction by the court. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

IT IS FURTHER ORDERED that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the **Martinez report** ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Kansas Department of Corrections.

**IT IS SO ORDERED.**

Dated this 25th day of September, 2019, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge