```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF KANSAS,

MICHAEL W ROGERS,
                                       Docket No. 19-3145-JAR

  Plaintiffs,                          Topeka, Kansas
                                       Date: 10/6/2021
    v.

SAM CLINE, et al.,

  Defendants.
..................
                          TRANSCRIPT OF
                    TELEPHONE STATUS CONFERENCE
                BEFORE THE HONORABLE CARLOS MURGUIA,
                    UNITED STATES DISTRICT JUDGE.
```

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Michael W Rogers, Pro Se<br>Saguaro Correctional Center<br>1252 E Arica Road<br>Eloy, AZ  85131 |
| For the Defendants: | Natasha M Carter<br>Kansas Dept of Corrections<br>714 SW Jackson Street, Suite 300<br>Topeka, KS  66603 |
| | Shon D Qualseth<br>Office of Attorney General - Kansas<br>120 SW 10th Avenue<br>Topeka, KS  66612 |
| Court Reporter: | Nancy Moroney Wiss, CSR, RMR, FCRR<br>Official Court Reporter<br>558 US Courthouse<br>500 State Avenue<br>Kansas City, KS  66101 |

1    THE COURT: Good afternoon. We're here in Case
2    Number 19-3145, Rogers versus Cline, et al. for a status
3    conference in the case. Will everyone please state their
4    appearances for the record? Mr. Rogers, are you on the line?
5    Hello? Mr. Rogers, are you with us? Okay. I'm going
6    to put the call on hold so that Heather can try to re-connect
7    Mr. Rogers.
8    MR. QUALSETH: Okay. Okay.
9    (Whereupon there was a brief break in the proceedings,
10   which then resumed as follows:)
11   THE COURT: Good afternoon.
12   MR. QUALSETH: Good afternoon.
13   THE COURT: Good afternoon. Let's try this again.
14   Mr. Rogers, do we have you with us this time?
15   MR. ROGERS: Yes, I'm here.
16   THE COURT: Okay. Very good. And who do we have on
17   behalf of the defendant?
18   MR. QUALSETH: Shon Qualseth for the remaining
19   defendant Richard English.
20   THE COURT: Okay.
21   MS. CARTER: And Natasha Carter for Richard English.
22   THE COURT: Okay. And which of the two of you will be
23   doing the bulk of the speaking on behalf of defendant English?
24   MS. CARTER: I will.
25   THE COURT: Miss Carter, okay. Very well. All right.

1  Well, all right. Let me just state for the record that I
2  convened this status conference after receiving a couple of
3  items. One was an e-mail from Mr. Qualseth. My chambers
4  received an e-mail on Friday, October 1st alerting the court
5  that the defendant has not yet received the plaintiff's
6  deposition transcript back from court reporter; sounds like it
7  was taken on July 21st and still not received back. And then
8  also, plaintiff had -- Mr. Rogers had filed a motion for
9  extension of time to respond to defendant's discovery,
10 apparently, because Mr. Rogers, you've now been transferred
11 from the Kansas Department of Corrections to a facility in
12 Arizona, and are still awaiting transfer of your legal files
13 there. And so Mr. Qualseth's e-mail had suggested that the
14 parties might wish to do a joint stay to allow the parties to
15 work through these remaining discovery issues so that the
16 defendants can be in a position to file dispositive motions.
17 The current dispositive motion deadline is October 8th, and so
18 presumably, you all are seeking an extension of that. And so
19 with that, Miss Carter, please feel free to elaborate on
20 anything you -- you think I -- further that bears on the
21 issues, but it's my understanding that that's where we stand at
22 this point.
23           MS. CARTER: That's correct. Mr. Rogers and I had
24 a -- a phone conference on September 28th where we agreed to
25 stay the case, hopefully pending court approval, for 60 days

1  after receipt of that deposition transcript, to not only give
2  Mr. Rogers a time to review that and correct, if needed, but
3  also to give him time to respond to the discovery requests that
4  I had sent him back in August, and I -- -- I did mail those to
5  him again last week.  Still, I need to get the items that are
6  protected by the protective order out to Mr. Rogers at his new
7  facility.
8         THE COURT:  Okay.  All right.  Mr. Rogers, anything
9  further to add to that that you think I should know at this
10 point?
11        MR. ROGERS:  Umm, no, ma'am, umm, other than just the
12 other stuff that I've asked for that they won't give me, umm,
13 which I'm going to -- I'm going to talk to Miss Carter later on
14 about, and I'm going to, umm, be specific about exactly what it
15 is that I'm needing, and if we can't come to an agreement, then
16 I'll -- then I'll do a -- a motion to compel.
17        THE COURT:  Okay.  Okay.  Yeah.  So -- well, I tell
18 you what I'm inclined to do is just grant a 90-day --
19 roughly -- an approximately 90-day deadline of the dispositive
20 motion deadline.  I'm not going to enter a stay particularly of
21 any indefinite duration.  I understand, Miss Carter, you may be
22 in a predicament because you haven't received his deposition
23 transcript back, but frankly, that's just unacceptable, and so
24 I'm not sure who all you're using for this deposition
25 transcript, but that's pretty ridiculous.  And so I don't view

1  that as good cause to justify any extension here.  You know,
2  that's something you need to work through with that court
3  reporter.
4           MR. ROGERS:  Excuse me, Your Honor.
5           THE COURT:  I'm sorry?
6           MR. ROGERS:  As it stands right now, with what's on
7  the record, I'm ready to go to trial.
8           THE COURT:  Yeah.  And so -- and then -- but I do
9  understand the need to work through some of these discovery
10 issues, particularly in view of Mr. Rogers' transfer to the
11 Arizona Correctional Facility.  So Mr. Rogers, do you still
12 have -- do you now have a copy of those discovery requests that
13 Miss Carter's saying she served back in August?  She said she
14 was --
15          MR. ROGERS:  No, I haven't got any of that stuff yet
16 in the mail.  Mr. Graves, which is the legal counsel at
17 Hutchinson Correctional Facility --
18          THE COURT:  Uh-huh.
19          MR. ROGERS:  -- said that it was sent, but I never got
20 it.
21          THE COURT:  Okay.  Do you know -- do you have any -- I
22 don't know if you've been transferred before, if you have any
23 kind of sense, Mr. Rogers, of how long this type of thing takes
24 for you to receive those materials after you're transferred?
25 Do you have --

```
1            MR. ROGERS:  I have gotten -- all of my legal work,
2    and the stuff that I'm talking about was in possession of the
3    unit team counselor to make copies of so that I could send it
4    back to Miss Carter.  It was all ready completed.  The
5    interrogatories and the motion for documents was completed by
6    me and ready to be sent out so that she could receive it by the
7    deadline of the 16th, and umm, it was -- it was given to the --
8    to the unit team for copies, and before I could get the copies
9    brought back to me, I was transferred.
10           THE COURT:  Okay.  Okay.  Okay.  So it sounds like
11   you've all ready completed all of that information.  Would they
12   still have it somewhere there, do you think?  It sounds like
13   maybe they should, or should have sent --
14           MR. ROGERS:  Yeah, I hope so, but I mean, it doesn't
15   matter.  She can send it back to me again, and I can fill it
16   all back out and send it out to her, and service it with the
17   clerk if that's necessary.
18           THE COURT:  Okay.  Okay.  And then Mr. -- that sounds
19   good then.  I'll let you -- let you all continue to work
20   through that.  Mr. Rogers, and then what is it generally
21   speaking that you're needing from Miss Carter?  I just want to
22   make sure we're on a path to get everything complete here
23   within this 90 days, 'cause I'm not going to extend that any
24   further.
25           MR. ROGERS:  Okay.  There's a lot of information that
```

1   has been denied because of security concerns, you know, the

2   employment history of Mr. English, medical records, the Kansas

3   Department of Corrections' standard operational procedures, the

4   2017 incident, and you know, so on and so forth. If it's being

5   unlawfully restricted, okay, it should be ordered to be sent to

6   me, you know, and if it's being lawfully restricted, then I

7   might need a court-appointed attorney to get it so that we

8   don't have to go through this.

9         THE COURT: Okay. Miss Carter, what's the hold-up on

10   getting Mr. Rogers the information he's requested?

11        MS. CARTER: He requested -- I -- I sent the response

12   to our discovery requests in I believe July, and we had a meet

13   and confer on August 4th, and on the August 4th call, we

14   discussed this issue, and he was going -- these requests that

15   he sent were not specific. They did not request things that

16   could be produced. So the resolution of the August 4th call

17   was that he was going to send exactly what he was looking for,

18   what did we not produce that he was looking for. He did not do

19   that, and so, you know, no motion to compel has been filed. He

20   did not follow through with what he said he was going to do on

21   that call. There are sensitive documents related to gang

22   activity that he is requesting, you know, that might not be

23   relevant to this case. He's also requesting Mr. English's

24   entire employment file. So I had asked him to put in writing

25   exactly what he was looking for, and that way, I could respond

1  whether we were going to produce that, and can go through the
2  motions practice if we need to.
3              THE COURT:  Okay.  Okay.  So Mr. Rogers, do I -- are
4  you -- I think you previously made a request for appointment of
5  counsel.  At this point, it sounds like the court has fully
6  gone through the matter of sifting through the qualified
7  immunity issues in the case, and what's left is left.  Are you
8  renewing -- would you be renewing your request for appointment
9  of counsel at this point?
10             MR. ROGERS:  Yes, if I can.
11             THE COURT:  Okay.  I will take that under advisement.
12  I will issue an order determining whether or not I'm going to
13  appoint counsel at this point, because again, we do need to
14  move forward with resolving whatever remains to be done in this
15  case, and it may be that the point at the procedural juncture
16  where that would be productive, so let me did -- let me
17  consider that.  In the meantime, I would encourage you all to
18  go ahead, and Miss Carter, you're going to have to get that
19  deposition transcript.  I don't know what kind of court
20  reporter you hired, but that's completely unacceptable, and
21  hopefully, Mr. Rogers can re-respond to those discovery
22  requests, and hopefully, you all can work through those issues
23  with the documents that Mr. Rogers is requesting.  And
24  meanwhile, I will docket Mr. Rogers' motion as an oral motion
25  to renew his request for appointment of counsel, and I will try

1  to get an order out on that in the near future.
2              MR. ROGERS:  Okay.
3              THE COURT:  Okay.  With that, is there anything
4  further that we need to take up today in this matter then?  And
5  again, I will set -- I will extend the deadline for filing
6  dispositive motions approximately 90 days.  So with that, is
7  there anything further that we need to take up today in this
8  matter on behalf of the defendant; Miss Carter?
9              MS. CARTER:  Not on behalf of Mr. English.
10             THE COURT:  Okay.  Mr. Rogers, anything further I can
11 assist with today?
12             MR. ROGERS:  Umm, no, ma'am, other than I've tried to
13 resolve this -- this case without going further, and have been
14 denied three different times, so that's why I say I'm ready to
15 go to trial.
16             THE COURT:  I understand.  Okay.  Well, I appreciate
17 everyone's time today, and we'll proceed, as I said, and I will
18 grant the plaintiff's motion for additional time to respond to
19 the discovery responses to 30 days after you receive those.  So
20 okay, anything further we need to do?  It sounds like that
21 takes care of everything, so with that, the court stands
22 adjourned.  Thank you for everyone's time today.
23             MR. QUALSETH:  Thank you, Judge.
24             THE COURT:  Thank you.  Bye-bye.
25       (Whereupon court recessed proceedings.)

CERTIFICATE

I, Nancy Moroney Wiss, a Certified Shorthand Reporter and the regularly appointed, qualified and acting official reporter of the United States District Court for the District of Kansas, do hereby certify that as such official reporter, I transcribed from the teleconference recording the above and foregoing proceedings.

I further certify that the foregoing transcript, consisting of 10 typewritten pages, is a full, true, and correct reproduction of said teleconference recording to the best of my hearing and quality of the recording.

SIGNED May 13, 2022.


S/_____
Nancy Moroney Wiss, CSR, CM, FCRR