UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Michael W. Rogers,

    Plaintiff,

v.                 Case No. 19-3145-JAR-ADM

Richard English,

    Defendant.

# REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DEPOSE PLAINTIFF A SECOND TIME

  Plaintiff's Response does not dispute Defendant's authority for the request for a second deposition or the applicable legal standard favoring a second deposition. The Response acknowledges that a second deposition is allowed upon "some showing of a need or good reason . . . ." Pltf's Resp., at 3 (citing *Cuthbertson v. Excel Indus., Inc.,* 179 F.R.D. 599, 604 (D. Kan. 1998)).

  Critically, Plaintiff's Response does not dispute, and in fact acknowledges, that Defendant has made a showing of a need or good reason, stating: "Ms. Burkdoll produced a transcript that was not a true and accurate record of Plaintiff's deposition transcript. . . ." Pltf's Resp., at 3, ¶ 10.

  Plaintiff's Response does not contain any practical solution to the conundrum created by the present situation where the prior deposition transcript is unusable. Plaintiff's Response does not show that the requested second deposition is unnecessary or duplicative, given the agreed-to failings of the first transcript. The Response does not suggest how Defendant can conduct an effective cross examination of Plaintiff Rogers at trial, given the admitted issues with the existing transcript. Instead of offering to cooperate toward a solution to the practical issues presented by

the present dilemma, the Response offers several arguments, none of which merit denial of Defendant's motion.

Plaintiff's first argument is that Plaintiff was not at fault in Ms. Burkdoll's failure to produce an accurate transcript from the first deposition. Defendant agrees. Next, plaintiff argues that he is unfairly prejudiced by a second deposition, both having to "again relive traumatic events" and having counsel perform additional work. Pltf's Resp. at 4. However, Plaintiff's Response cites no authority where these arguments were accepted as a reason not to grant a second deposition, particularly under circumstances similar to those presented here. *Id.* Unfair prejudice is not stated as a ground for denial of leave for a deposition in either Fed. R. Civ. P. 30 or Fed. R. Civ. P. 26.

Plaintiff's third argument is that Defendant's counsel should have supervised Ms. Burkdoll during the deposition. However, Ms. Burkdoll was a certified court reporter, licensed by the Kansas Board of Court Reporters and bound by Kansas Supreme Court Rules regarding court reporters. *See, e.g.,* Kan. Sup. Ct. R. 306, 367. At the time, Midwest Reporters, Inc. was the only court reporting service approved by the Kansas Department of Administration for the Kansas Attorney General's Office to hire for court reporting services. Given Ms. Burkdoll's licensure, professional status, and previous professional behavior in the years prior to July, 2021, the suggestion that Defendant's counsel should have attempted to supervise Ms. Burkdoll's performance during the deposition makes little sense. While Plaintiff's Response cites Ms. Burkdoll's after-the-fact statements at the show cause hearing, Plaintiff also acknowledges that Defendant denied and disputes Ms. Burkdoll's belated claims. Pltf's Resp., at 3, ¶11; 5. This argument, while disputed by Defendant, does not address how the parties can proceed to trial, including cross-examination, with the inaccurate, incomplete and unusable transcript produced by Ms. Burkdoll. The Response cites no cases that are similar to the extraordinary facts presented

here involving the operational difficulties presented by the previously unprecedented COVID outbreak, a prison environment in which the prison had a duty to protect residents from COVID, and a court reporter who after the fact admittedly failed to perform as a certified professional. The only case cited by Plaintiff is facially inapposite, a Ninth Circuit case where leave to take a second deposition was denied because the court found that the party "brought about the situation with his own discovery strategy." Pltf's Resp., at 5 (citing *Thomas v. City of Spokane in & for Washington*, 696 F. App'x 197, 199 (9th Cir. 2017)). There is no showing here that Ms. Burkdoll's failure to produce a usable transcript was part of any "discovery strategy" by Defendant's counsel. That is simply absurd.

Plaintiff's fourth argument is that even if Defendant is entitled to take a second deposition, leave should be denied based upon unfair prejudice to Plaintiff. Unfair prejudice is not stated in Fed. R. Civ. P 30 as a basis for denial of a request for a second deposition. While Plaintiff generally complains that Defendant's counsel should have figured out sooner that Ms. Burkdoll would not be able to fulfill her professional responsibilities as a certified court reporter - a highly uncommon situation - the Response fails to show how any delay constitutes unfair prejudice or constitutes ground for denial of the request.

Plaintiff's final argument consists of a couple of points. First, Plaintiff states generally that Defendant has not shown "a compelling reason" for a second deposition. However, Plaintiff's Response previously acknowledged that the applicable standard is "some showing of need or good reason," Pltf's Resp. at 3 (citation omitted), a standard certainly met here.

Second, Plaintiff attempts to distinguish Defendant's cases cited for the general proposition that courts have granted leave for a second deposition, but without showing why those cases support denial of Defendant's present request under the unique circumstances presented here. For

example, while the Response points out that a second 30(b)(6) deposition was denied as duplicative in *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC,* No. 11-2684-JWL, 2015 WL 3742929, at * 4 (D. Kan. June 15, 2015), Plaintiff does not argue that the first transcript in the *Sprint* case was unusable, as is the case here. It is also noteworthy that here we are not talking about just another witness, but rather a party, whose testimony is the basis for this entire matter and must be subject to effective cross examination at trial.

In summary, given the highly unusual circumstances presented here based upon the admitted absence of any usable transcript from Plaintiff Roger's first deposition, there is good reason to grant leave for Defendant to take a second deposition of the Plaintiff, Michael Rogers.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

/s/ Natasha M. Carter
Natasha M. Carter, KS No. 26074
General Counsel
Kansas Department of Corrections
714 SW Jackson St, Suite 300
Topeka, KS 66603
Tel: (785) 506-7615
Email: Natasha.Carter@ks.gov

And

/s/ Shon D. Qualseth
Shon D. Qualseth, KS No. 18369
Assistant Attorney General/Senior Trial Counsel
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-597
Phone: (785)368-8424
Fax: (785)291-3767
Email: shon.qualseth@ag.ks.gov
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2022, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all those individuals currently electronically registered with the Court.

/s/ Natasha M. Carter
Natasha M. Carter