IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL W. ROGERS,**

      **Plaintiff,**

      **v.**                                              **Case No. 19-3145-JAR**

**SAM CLINE, et al.,**

      **Defendants.**

## ORDER

This case has been closed since February 23, 2023, after the parties settled and filed a stipulation of dismissal. Now before the Court is Plaintiff Michael W. Rogers's Request to the Clerk (Doc. 158), which asks that this case be "removed, redacted, repealed, made not for public viewing, or any other means."[1] He states that information from the case file is causing threats to his life because some of the documents reveal his place of incarceration. As described below, Plaintiff's motion is denied.

"[C]ourts have long recognized a common-law right of access to judicial records."[2] This right is based on the public's interest "in understanding disputes that are presented to a public forum for resolution" and "in assuring that the courts are fairly run and judges are honest."[3] This right of access, however, "is not absolute."[4] The Court may, in its discretion, "seal documents if the public's right of access is outweighed by competing interests."[5] "The party seeking to

---

[1] Doc. 158 at 2.

[2] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[3] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[4] *Helm*, 656 F.3d at 1292 (quoting *Mann*, 477 F.3d at 1149).

[5] *Id.* (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[6]  The Court must be mindful that "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[7]

Thus, under D. Kan. Rule 5.4.2(c), a party moving to seal must provide: (1) "a description of the specific portions of the document[s]" that the Proponent wants to seal or redact, which is "narrowly tailored to the asserted confidentiality interest"; (2) the asserted confidentiality interest and why it outweighs the right of public access; (3) "a clearly defined and serious injury that would result in the absence of restricting public access"; and (4) "why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question."[8]

Plaintiff's request fails to meet the high standard that applies to sealing documents, much less his entire case.  And the Court notes that the documents in this case have been in the public domain for several years.  Accordingly, his motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Michael W. Rogers's Request to the Clerk (Doc. 158) to seal his case is **denied**.

**IT IS SO ORDERED.**

Dated: November 3, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[6] *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc*., 846 F.2d 249, 253 (4th Cir. 1988)).

[7] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

[8] D. Kan. Rule 5.4.2(c)(1)–(4).  Subsection (c)(5) also requires the movant to state the extent to which the motion is opposed or unopposed, if known.